UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

ELECTRICAL WORKERS PENSION TRUST FUND OF
LOCAL UNION #58, IBEW; ELECTRICAL WORKERS'
JOINT BOARD OF TRUSTEES VACATION FUND;
ELECTRICAL WORKERS' INSURANCE FUND;
SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND OF
THE ELECTRICAL INDUSTRY, DETROIT, MICHIGAN;
IBEW LOCAL NO. 58 ANNUITY FUND; JOINT
APPRENTICESHIP TRAINING TRUST FUND; NECA-
IBEW LOCAL LABOR-MANAGEMENT COOPERATION
FUND; and NATIONAL ELECTRICAL BENEFIT FUND,

        Plaintiffs,

v.

STREAMLINE ELECTRIC, LLC,

        Defendant.

_____/

## COMPLAINT

The above-named plaintiffs, by and through their attorneys, complaining against the above-named defendant, respectfully show unto this Court as follows:

1.     Plaintiffs, Electrical Workers Pension Trust Fund of Local Union #58, IBEW; Electrical Workers' Joint Board of Trustees Vacation Fund; Electrical Workers' Insurance Fund; Supplemental Unemployment Benefit Fund of The Electrical Industry, Detroit, Michigan; IBEW Local No. 58 Annuity Fund; Joint

Apprenticeship Training Trust Fund; NECA-IBEW Local Labor-Management Cooperation Fund; and National Electrical Benefit Fund, are trust funds established under, and administered pursuant to, Section 302 of the Labor-Management Relations Act, of 1947, as amended ("LMRA"), 29 U.S.C. §186, and the Employee Retirement Income Security Act of 1974, as amended, hereinafter "ERISA", 29 USC §1001, et seq., with principal offices located in this judicial district.

2. Defendant, Streamline Electric, Inc., is a Michigan corporation under the laws of the State of Michigan, doing business in the building and construction industry, an industry affecting commerce within the meaning of the LMRA and 29 USC §1002(5) and (12), and its principal place of business is located in the city of Detroit, Wayne County, Michigan.

3. Jurisdiction of this Court is predicated on Section 301 of LMRA, 29 USC §185, and Sections 502(a)(2) and 515 of ERISA, 29 USC §1132(a)(2) and §1145, this being a suit for breach of the fringe benefit provisions of collective bargaining agreements (the Inside Agreement and Residential Agreement) entered into between the defendant, as Employer, and Local Union #58 of the International Brotherhood of Electrical Workers ("IBEW Local #58"), a labor organization representing employees in an industry affecting commerce and having principal offices located in the City of Detroit, Wayne County, Michigan.

4.      Pursuant to the aforementioned collective bargaining agreements, copies of which are in its possession, the defendant was obligated to file reports and pay contributions weekly for (among other things) pension benefits, vacation benefits, medical benefits and supplemental unemployment benefits for, or with respect to work performed by, those of its employees who were represented by IBEW Local #58, which reports should have been filed with, and the contributions directly paid to, the plaintiffs.

### COUNT I - VIOLATION OF INSIDE AGREEMENT

5.      Plaintiffs incorporate by reference the allegations contained in paragraphs 1- 4 of this Complaint.

6.      Defendant neither submitted (on a timely basis) all of the reports it was required to submit under its Inside Agreement, nor has it paid all of the contributions it was required to pay under that Agreement; and, as a consequence, a grievance was filed against it on November 25, 2019 pursuant to Section 4 of Article I of the aforementioned collective bargaining agreement. A copy of said grievance is attached hereto as Exhibit A, and is made a part hereof by reference thereto.

7.      In accordance with the aforementioned contractual provision, the grievance was referred to the "Joint Labor-Management Committee" established by the collective bargaining agreement for arbitration, and a hearing was held on the

grievance (Exhibit A) on December 20, 2019. A copy of the Notice of Hearing on such grievance (dated December 9, 2019) is attached hereto as Exhibit B and is made a part hereof by reference thereto.

8. As a result of such hearing, the Joint Labor-Management Committee, on December 20, 2019 found defendant guilty of the charges specified against it in the grievance (Exhibit A) and issued its award (January 3, 2020) A copy of the award is attached hereto as Exhibit C, and is made a part hereof by reference thereto.

9. The award (Exhibit C) ordered defendant to remedy its violation of the fringe benefit provisions of the collective bargaining agreement by:

> "A. Submitting the fringe benefit reports due to the date of this decision as required by Article VIII of that Agreement, <u>and</u>
>
> "B. Immediately paying the amounts shown on those reports as due, including the liquidated damages due thereon, <u>and</u>
>
> \* \* \*
>
> "D. Hereafter, filing all reports and paying all fringe benefit contributions on a timely basis as required by Article VIII."

10. The defendant has failed or refused to comply with the provisions of the award. Specifically, as of March 18, 2020, it owes a total of at least $2,985.24 in liquidated damages for the weeks ending October 5, 2019 through January 4, 2020. It also has failed to submit reports, contributions and applicable liquidated damages for the weeks ending February 1, 2020 through the present date.

## COUNT II - VIOLATION OF RESIDENTIAL AGREEMENT

11. Plaintiffs incorporate by reference the allegations contained in paragraphs 1-4 of this Complaint.

12. Defendant has neither submitted (on a timely basis) all of the reports it was required to submit under its Residential Agreement, nor has it paid all of the contributions it was required to pay under that Agreement; and, as a consequence, a grievance was filed against it on November 25, 2019 pursuant to Article I of the aforementioned collective bargaining agreement. A copy of said grievance is attached hereto as Exhibit D, and is made a part hereof by reference thereto.

13. In accordance with the aforementioned contractual provision, the grievance was referred to the "Joint Labor-Management Committee" established by the collective bargaining agreement for arbitration, and a hearing was held on the grievance (Exhibit D) on December 20, 2019. A copy of the Notice of Hearing on such grievance (dated December 9, 2019) is attached hereto as Exhibit E and is made a part hereof by reference thereto.

14. As a result of such hearing, the Joint Labor-Management Committee, on December 20, 2019 found defendant guilty of the charges specified against it in the grievance (Exhibit D) and issued its award (January 3, 2020) A copy of the award is attached hereto as Exhibit F, and is made a part hereof by reference thereto.

15. The award (Exhibit F) ordered defendant to remedy its violation of the fringe benefit provisions of the collective bargaining agreement by:

> "A. Submitting the fringe benefit reports due to the date of this decision as required by Article VI of that Agreement, <u>and</u>
>
> "B. Immediately paying the amounts shown on those reports as due, including the liquidated damages due thereon, <u>and</u>
>
> \* \* \*
>
> "D. Hereafter, filing all reports and paying all fringe benefit contributions on a timely basis as required by Residential Agreement and Working Rules."

16. The defendant has failed or refused to comply with the provisions of the award. Specifically, as of March 18, 2020, it owes a total of at least $2,232.13 in liquidated damages for the weeks ending October 5, 2019 through January 4, 2020. It also has failed to submit reports, contributions and applicable liquidated damages for the weeks ending January 11, 2020 through the present date.

17. Plaintiffs are entitled to confirmation of the Decisions of the Joint Labor-Management Committee.

WHEREFORE plaintiffs, the Electrical Workers' Pension Trust Fund of Local Union #58, IBEW, et al., pray that this Court:

A. Enter judgment in favor of plaintiffs against defendant, in the amount of $5,217.37, representing the liquidated damages currently owed;

B. Confirm the award of the Joint Labor-Management Committee (Exhibits C and F) and order the defendant to forthwith comply with same by:

    (a) Submitting any fringe benefit reports due to the date of the Judgment as required by its Agreements;

    (b) Paying the amounts shown on those reports as due, including any liquidated damages due;

    (c) Hereafter, filing all reports and paying all fringe benefit contributions on a timely basis as required by its Agreements; and

C. Awarding plaintiffs all costs, interest, and attorneys' fees incurred in bringing and prosecuting this present action; and

D. Granting plaintiffs any and all other relief (including injunctive and equitable relief) to which they might be entitled in equity and good conscience.

        Respectfully submitted,

        WATKINS, PAWLICK, CALATI, & PRIFTI, PC

        By:   /s/ George H. Kruszewski
             GEORGE H. KRUSZEWSKI
             Attorneys for Plaintiffs
             1423 East Twelve Mile Road
             Madison Heights, MI 48071
             248-658-0800
             gkruszewski@wpcplaw.com
             (P-25857)

April 17, 2020